FREDERICK S. WINSTON *et al. against* EDWARD KILPATRICK, IMPLEADED WITH THE EAST SIDE ASSOCIATION, *et al.*[*]

Under the act creating the East Side Association (L. 1868, c. 762), which provides (§ 5) all shares of the building stock shall, from the date thereof, be a lien on the real and personal estate of the corporation, the mere payment of the subscription for shares, without their being actually issued, does not, as to subsequent incumbrancers, create a lien on the property of the company.

Nor does the fact that the subsequent incumbrancers were aware of the payment of the subscriptions vary the case.

APPEAL from a judgment of this court. The action was brought to foreclose a mortgage on land in New York city, given by the East Side Association to Frederick S. Winston and Thomas Rutter, as trustees for the holders of fifty $1,000 bonds, made by the said association.

The defendant Edward Kilpatrick defended, claiming that he had a lien on the land prior to that of the plaintiff's mortgage.

[*] The judgment of the general term here was affirmed in the Court of Appeals, January, 18th, 1876.

The action was referred to a referee to take evidence and report as to the priority of the liens, and by his report he found the facts to be as follows :

The East Side Association was a corporation created by L. 1868, c. 762 (passed May 9th, 1868), and by § 4 of the act it was provided that the association should have a building stock of $100,000, to be divided into shares of $25 each, to be applied to the purchase of a site and the erection thereon of a suitable building to be devoted to the objects of the association; and by § 5 of the act, it was provided that the president, secretary and treasurer of the said association might immediately after the passage of the act, open books and take subscriptions and receive money for the said building stock, and might issue to subscribers the necessary certificates of shares, which (so the act provided) should be signed by the president and secretary, and countersigned by the treasurer ; and all shares so issued should from the date thereof, be a lien and charge upon the real and personal estate of the corporation until canceled as thereafter provided.

On January 12th, 1869, while the association had no money to buy a site for its proposed building, the defendant Kilpatrick, and nineteen others, contributed $1,000 each toward the purchase of the land described in the complaint. Thomas Rutter (who was one of the plaintiffs) was appointed by them to take charge of the money, take in his own name a contract for the property, and if necessary, to take a deed of the land in his own name, and convey the land to the association when it should become able to pay for it. On January 9th, 1869, defendant Kilpatrick paid the money to Rutter, and took his individual receipt therefor, expressing the purpose for which the money was to be used. The land was subsequently conveyed directly to the association, which on or prior to March 30th, 1871, made the mortgage to plaintiffs. Subsequently to the delivery of the mortgage to plaintiffs, there was delivered to the defendant Kilpatrick, a certificate signed by the treasurer of the company only, stating that Edward Kilpatrick (the defendant) would be entitled to forty shares of the building stock of the corporation when issued. This instrument was dated

so as to correspond with the date of the payment of the money by Kilpatrick to Rutter, but was not delivered until May 30th, 1872.

Defendant Kilpatrick claimed that under § 5 of the act of 1868 (above stated), he had a lien on the land for the $1,000 contributed by him, which lien was prior to that of the mortgage in suit.

The referee reported that the lien of the defendant Kilpatrick, if any, was subsequent to that of the mortgage, and his report was duly confirmed by the court at special term, and judgment entered in accordance therewith.

Defendant Kilpatrick appealed.

*Jos. Fettretch*, for appellant.

*Townsend Wandell*, for respondent.

*Per Curiam.**—The mortgage in question was given as security for money loaned and to be expended in the improvement of the premises therein described. It constituted a valid and subsisting lien thereon, as against all subsequent purchasers and incumbrancers. Prior to the execution and delivery of said mortgage, Kilpatrick's interest in the land was inchoate.

The lien sought to be acquired by him was purely statutory, and until the certificate of shares had been duly issued to him, in pursuance of § 5 of the act of May 9th, 1868 (L. 1868, c. 762), no lien could attach in his favor upon the lands of the association.

It is admitted that no such certificate was issued before the delivery of said mortgage.

There was no notice within the recording act of the existence of said alleged lien, and no actual notice thereof could be inferred from the mere payment of the subscriptions, to the prejudice of the respective bondholders for whom plaintiffs acted as trustees.

For these reasons, we think the judgment should be affirmed.

Judgment affirmed.

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.